UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bryan Dryden,<br><br>     Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>     Defendants | 2:16-cv-01227-JAD-GWF<br><br>**Order Denying Motions for Temporary Restraining Order and Preliminary Injunction**<br><br>[ECF Nos. 9, 10] |

This is Bryan Dryden's second attempt to preliminarily enjoin the State of Nevada and various employees of the High Desert State Prison (HDSP) where he is incarcerated from transporting or holding protective-custody-level inmates along with general-population inmates and from using excessive force or retaliating against him for filing grievances.[1] I denied Dryden's prior motions for preliminary injunctive relief because they did not contain a memorandum of points and authorities demonstrating that Dryden is entitled to preliminary injunctive relief.[2] Dryden's reurged motions do not suffer from the same defect as his previous motions—the factual recitation is declared under the penalty of perjury and the argument section contains citation to authorities.[3] But I find that Dryden has not met the standard for obtaining injunctive relief because he has failed to demonstrate that he is likely to suffer irreparable harm in its absence. I therefore deny both of Dryden's motions in their entirety.

## Background

Dryden claims that he is a protective-custody inmate and this civil-rights case stems from an incident that occurred on January 8, 2014, when he was placed in a transport van going from the Clark County Detention Center (CCSD) to HDSP.[4] According to Dryden, HDSP correction

---

[1] *Compare* ECF Nos. 9, 10 *with* ECF Nos. 5, 6.

[2] ECF No. 7.

[3] ECF No. 9 at 3–5; 10 at 3–5.

[4] ECF 1-2 at 5–6.

officer Osborn informed other inmates also being transported (some of whom were general-population inmates) that Dryden was a "snitch," had DNA evidence to prove his innocence, and was "turning states evid[ence]."[5] Dryden claims that he was then "ridiculed" and "threatened" with bodily harm by the general-population inmates, so he shouted to the correction officers what the other inmates were saying.[6] But HDSP correction officer Neilson mistook Dryden's "shouts for 'help'" as threats, and Neilson threatened Dryden's life and shoved him into a wall, into the van, and against plexiglass and a concrete bench at HDSP.[7] Dryden claims that other HDSP correction officers saw Neilson's actions and did nothing.[8] And he concludes that, not many months after he filed a grievance about the January 8, 2014, incident, and in retaliation for doing so, he was removed from protective custody without his consent and placed with the general population where he has feared for his life for more than a year.[9]

## Discussion

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[10] In *Winter v. Natural Resources Defense Council, Inc.*, the Supreme Court clarified that the standards "require[ ] a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that [a temporary restraining order] is in the public interest.'"[11] "[I]f a plaintiff can only show that there

---

[5] *Id.* at 5.

[6] *Id.* at 6.

[7] *Id.*

[8] *Id.* at 8.

[9] *Id.* at 9–10.

[10] *See Stuhlbarg Intern. Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[11] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[12]

The second *Winter* factor requires Dryden to demonstrate that he is likely to suffer irreparable harm if not granted injunctive relief.  "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages."[13]  "Those seeking injunctive relief" must do more than just state or argue that they will suffer irreparable harm, they "must proffer evidence sufficient to establish a likelihood of irreparable harm."[14]

To support his irreparable harm argument, Dryden declares that he was physically assaulted and threatened by Neilson in January 2014,[15] that he is fearful of being assaulted by both general-population inmates and Neilson,[16] and that he is scheduled to be transported to court for his criminal case on July 11, 2016.[17]  Dryden argues that he will be deprived of his constitutional rights if the defendants are not enjoined from (1) commingling protective-custody

---

[12] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting with emphasis *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).  The PLRA mandates that prison litigants must also satisfy additional requirements when seeking preliminary injunctive relief, and that the court is required to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief." 18 U.S.C. § 3626(a)(1)(C)(2).

[13] *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (citing *Rent-A-Ctr., Inc.v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)).

[14] *Herb Reed Enter., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013), *cert. denied*, 135 S.Ct. 57 (2014).

[15] ECF No. 9 at 3.

[16] *Id.*

[17] *Id.*

inmates with general-population inmates during transport and holding times and (2) from using excessive force and retaliating against him.[18]

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"[19] But the scant facts that Dryden provides are not sufficient to support his conclusion that the defendants or other inmates are likely to harm him or retaliate against him if he files a grievance. It is not clear if Neilson is still employed at HDSP, assigned to transportation duty, or has had additional interaction with Dryden since the alleged January 8, 2014, assault and threat of future harm. Regarding Dryden's interaction with the general population, he declares only that he is fearful of being threatened and injured. But there is no evidence that Dryden has had any problem with any member of the general population, and it appears that he has been integrated with that population for approximately a year and a half. Finally, Dryden does not explain why he was classified as a protective-custody inmate nor does he provide HDSP's policy regarding protective custody, so I cannot assess his conclusion that his declassification to the general population was in retaliation for filing a grievance.

Based on this record, I find that Dryden has not demonstrated that he will be irreparably harmed if the defendants are not temporarily or preliminary enjoined from commingling protective-custody inmates with general-population inmates during transport and holding times or from using excessive force or retaliating against him. Because the test for preliminary injunctive relief requires satisfaction of all four *Winter* factors, failure to satisfy any one of them—as Dryden has failed to demonstrate likelihood of irreparable harm here—requires denial of this request for a temporary restraining order and a preliminary injunction.

---

[18] ECF Nos. 9, 10.

[19] *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Dryden's motion for a temporary restraining order [ECF No. 10] and motion for a preliminary injunction [ECF No. 9] are DENIED.**

DATED: July 7, 2016

_____
Jennifer A. Dorsey
United States District Judge