# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Bryan Dryden,

    Plaintiff

v.

State of Nevada, et al.,

    Defendants

Case No.: 2:16-cv-01227-JAD-GWF

**Order Denying Motions for Temporary Restraining Order, Injunctions, and Reinstatement of Defendant**

[ECF Nos. 43, 53, 56, 57]

    Following two rounds of screening and a motion for reconsideration, pro se prisoner Bryan Dryden has been allowed to proceed on his claims against (1) correctional officer Osborn for failure to protect, negligence or gross negligence, and intentional infliction of emotional distress (IIED); and (2) correctional officer Neilson for excessive force, assault and battery, and IIED.[1] Dryden moves for a temporary restraining order and an injunction prohibiting the defendants from having any contact with him and from "placing [him] in holding tanks while being transferred to court for any hearings in which [he] is not to be housed with any general population or placed in transporting van with gen. pop."[2] He also moves for an injunction requiring the defendants to provide him with medical care[3] and to transport him to another facility.[4] And Dryden moves to reinstate the State of Nevada as a defendant.[5]

---

[1] ECF No. 38 at 2 (listing claims that survive screening and reconsideration and instructing that "Dryden may proceed only on those claims listed in this order" and that "[a]ll other claims against any other defendants are dismissed").

[2] ECF No. 43.

[3] ECF No. 56.

[4] ECF No. 57.

[5] ECF No. 53.

Dryden has not demonstrated that he is entitled to a temporary restraining order or a pretrial injunction, so I deny his motions for those forms of extraordinary relief. I construe Dryden's motion for reinstatement as one for reconsideration under LR 59-1 and I deny it because Dryden has not demonstrated that I overlooked or misunderstood anything when I dismissed his claims against the State of Nevada.

**Discussion**

**I. Dryden's motions for a restraining order and injunctive relief [ECF Nos. 43, 56, 57]**

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[6] Both are "extraordinary" remedies and "never awarded as of right."[7] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, the plaintiff "must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction is in the public interest."[8] The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[9]

Dryden argues in his first motion for pretrial equitable relief that Nielson threatened to harm or kill him five years ago, that he suffers from post-traumatic stress disorder, and that

---

[6] *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[7] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[8] *Id.* at 20.

[9] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

2

defendants "maybe [sic] able to carry out promised threats" because they continue to work at the High Desert State Prison (HDSP) where Dryden is incarcerated.[10] These vague points are not sufficient to show that Dryden will suffer irreparable harm unless the defendants are enjoined and restrained against coming into contact with Dryden or from placing him with the general prison population. Dryden doesn't address the other *Winter* factors in his first motion.

Dryden argues in his two other injunctive-relief motions that he will be able to show with trial testimony and declarations from himself and fellow prisoners that he has suffered a pattern of abuse and harassment by both prison guards and prisoners.[11] Dryden also argues that he gets placed in solitary confinement whenever he files grievances or asks for help from the prison guards and that his medical care is inadequate.[12] These new assertions of misconduct are entirely unrelated to the conduct that is challenged in Dryden's operative complaint.

The allegations in Dryden's fourth-amended complaint, his operative pleading, concern verbal threats and a physical altercation that allegedly occurred during Dryden's transportation from court to the HDSP in January 2014.[13] Dryden doesn't assert claims in this lawsuit for any alleged incident of abuse or harassment other than the January 2014 altercation. Nor does he allege claims for deliberate indifference to his serious medical needs or retaliation.[14] The closest Dryden's operative pleading comes is his prayer for an injunction requiring "the prison to fully treat [his] ongoing physiological and psychological injuries from [the January 2014] assault."[15]

---

[10] ECF No. 43 at 4.
[11] ECF No. 57 at 4.
[12] *Id.* at 5–6.
[13] ECF No. 35.
[14] *See id.*
[15] *Id.* at 21.

3

However, I cannot grant an injunction of that character because Dryden doesn't assert a claim for deliberate indifference to serious medical needs in this case.

"A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."[16] For a court to issue injunctive relief, there must be a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself."[17] The relationship between the motion and the complaint "is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'"[18] There isn't enough of a relationship between the claims in Dryden's operative complaint and the injuries claimed in his injunctive-relief motions to authorize this court to grant the injunctive relief that Dryden seeks. I therefore deny Dryden's motions for a temporary restraining order and injunctive relief.

**II.     Dryden's motion to reinstate the State of Nevada as a defendant [ECF No. 53]**

Finally, Dryden moves to reinstate the State of Nevada as a defendant in this case. I construe Dryden's motion as one for reconsideration of an interlocutory order under Local Rule 59-1, which provides that a party seeking such relief "must state with particularity the points of law or fact that the court has overlooked or misunderstood."[19]

Relying on *Lapides v. Board of Regents of University System of Georgia*, Dryden argues that when I dismissed with prejudice all claims against the State of Nevada two years ago,[20] I

---

[16] *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).
[17] *Id.* at 636.
[18] *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).
[19] Nev. L.R. 59-1(a).
[20] ECF No. 19 at 2.

4

overlooked the fact that the State of Nevada had removed this case to federal court and thus waived its Eleventh Amendment immunity.[21] The Supreme Court held in *Lapides* that a State waives its Eleventh Amendment immunity when it removes or joins the removal of a case to federal court.[22] But the State of Nevada didn't petition to remove this case to federal court—other defendants like Nielson did.[23] The State of Nevada didn't join the petition for removal and, in fact, there is no evidence that it had been served with process before this case was removed[24] or after removal but before Dryden's claims against it were dismissed.[25] Dryden had alleged only claims arising under 42 U.S.C. § 1983,[26] so in screening his initial complaint, I "dismiss[ed] with prejudice all claims against the State of Nevada because states are not 'persons' for § 1983 purposes and thus cannot be sued under § 1983."[27] Dryden has not persuaded me that I overlooked or misunderstood anything when I dismissed his claims against the State of Nevada, so I deny his motion to reinstate it as a defendant.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Dryden's motions for a temporary restraining order and preliminary injunctions **[ECF Nos. 43, 56, 57] are DENIED.**

---

[21] ECF No. 53 at 2 (citing *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002)).

[22] *Lapides*, 535 U.S. at 624.

[23] ECF No. 1 at 1.

[24] *See* ECF Nos. 1-3, 1-4.

[25] ECF No. 12 (the Clerk of Court issued a few summonses before Dryden's complaint was screened under 28 U.S.C. § 1915A but none of them were to the State of Nevada).

[26] ECF No. 1-2 (amended civil-rights complaint).

[27] ECF No. 19 at 2 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989)).

IT IS FURTHER ORDERED that Dryden's motion to reinstate the State of Nevada as a defendant **[ECF No. 53] is DENIED.**

Dated: February 4, 2019

_____
U.S. District Judge Jennifer A. Dorsey