UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN DRYDEN, | Case No. 2:16-CV-01227-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA, et al., | |
| Defendants. | |

Pro se plaintiff Bryan Dryden is an inmate at High Desert State Prison ("HDSP") who filed a Motion for Leave to File Fifth Amended Complaint (ECF No. 88) on June 19, 2019. Plaintiff also filed a document titled 5th Amended Civil Rights Complaint (ECF No. 91), in which he hand wrote "Jury Trial Demanded" and explained that he failed to mark his cover page correctly and forgot to name all Defendants on ECF No. 88-1. Defendant filed an Opposition to Plaintiff's Motion on July 3, 2019 (ECF No. 94). I grant Plaintiff's Motion to the extent it restates, with some additional facts, Counts I through V that were previously asserted in Plaintiff's Fourth Amended Complaint and allowed to proceed pursuant to the Court's Orders entered on May 22 and June 15, 2018 (EFC Nos. 34 and 38). Defendants are not prejudiced by these amendments as they result in no undue delay. After screening Plaintiff's proposed Fifth Amended Complaint, the Court finds Counts VI, VII and VIII fail to state claims upon which relief may be granted. Given that two of these three claims were previously asserted by Plaintiff, and Plaintiff has had ample time to amend or add these claims prior to his instant filing, and given that this matter is now more than three years old, the Court further finds that giving Plaintiff an opportunity to once again amend his Complaint to add these Counts (VI, VII, and VIII) would cause undue delay and prejudice to Defendants.

## Procedural History

This case commenced in federal court when then-Defendants removed Plaintiff's state court filed "Amended Civil Rights Complaint" filed on April 15, 2016 in the Eighth Judicial District Court. Since that time, Plaintiff has filed an Amended Complaint, a Second Amended Complaint, a

1

Third Amended Complaint, and a Fourth Amended Complaint (EFC Nos. 19, 25, 27 and 29). As the Court explained in his May 22, 2018 order, the delay, if any, with respect to review of these amendments was due to the Court's docket, and not the fault of Plaintiff. ECF No. 34. Whether the Court reviewed Plaintiff's Second, Third or Fourth Amended Complaint, the Court would spend the same amount of time engaged in the activity and, as such, Defendants would suffer no undue delay or prejudice as the result of the Court's screening. *Id*.

After consideration and then reconsideration of Plaintiff's Fourth Amended Complaint (ECF Nos. 34 and 38), the Court allowed Plaintiff to proceed on six causes of action including:

- Count I, alleging failure to protect against Defendant Osborn;
- Count II, alleging negligence or gross negligence against Defendant Osborn;
- Count III, alleging intentional infliction of emotional distress against Defendant Osborn;
- Count IV, alleging excessive force against Defendant Neilson;
- Count V, alleging assault and battery against Defendant Neilson; and
- Count VI, alleging intentional infliction of emotional distress against Defendant Neilson.

ECF No. 38 at 2:8-14, filed on June 15, 2018. The Court was clear that all other causes or claims asserted by Plaintiff were dismissed. *Id.* at 2:23-24. The Court further ordered a brief stay to allow the parties to engage in the Inmate Early Mediation Program, which was unsuccessful.

Thereafter, Plaintiff filed several motions, but it was not until June 19, 2019, that Plaintiff filed his Motion for Leave to File Fifth Amended Complaint.

**The Motion for Leave to Amend is Denied in Part and Granted in Part**

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs the court to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Justice has boundaries, however, and federal courts balance five factors when considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; the Ninth Circuit apportions the

greatest weight to the prejudice-to-the-opposing-party factor. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The burden is on the opposing party to show prejudice, and absent that showing or a heavy influence from the other factors, there is a presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987)).

Here, Defendants' Opposition to Plaintiff's Motion for Leave to Amend discusses the long procedural history of this case, Plaintiff's prior opportunities to amend his claims, that Plaintiff's Fourth Amended Complaint did not make any allegations regarding deliberate indifference to medical needs, that Plaintiff's Fifth Amended Complaint reasserts a retaliation claim, and that Plaintiff's Fifth Amended Complaint also asserts a new claim titled "Campaign of Harassment," which Plaintiff alleges is a violation of his First Amendment rights. ECF No. 94 at 3. Defendants focus on delay and prejudice with respect to Plaintiff's Medical Indifference claim (Count VIII), and prejudice with respect to Plaintiff's First Amendment claims (Counts VI and VII).

Defendants correctly point out that Plaintiff's deliberate indifference to medical needs claim arises from conduct Plaintiff states took place in 2014. Plaintiff also asserted a deliberate indifference claim in his originally filed Amended Complaint, which the Court dismissed without prejudice and with leave to amend on January 27, 2017 (ECF No. 19). While the content of the deliberate indifference claim in Plaintiff's proposed Fifth Amended Complaint is somewhat different than that which was originally alleged by Plaintiff, the fact that Plaintiff waited almost two and one-half years to amend this claim is an undue delay that is not justified by Plaintiff in his Motion for Leave to File [his] Fifth Amended Complaint. ECF No. 88. Further, to allow this claim to go forward after this lengthy delay would necessarily be prejudicial to Defendants. Therefore, Plaintiff's Motion seeking to file his Fifth Amended Complaint is denied as to Count VIII – Medical Deliberate Indifference to Serious Medical Need.

With respect to Plaintiff's Counts VI and VII, each asserts an alleged violation of the First Amendment. The VI Count is titled "Retaliation – A violation of one's 1st Amendment Right to file prison grievances & to pursue civil rights litigations in courts."

1    To state a viable First Amendment retaliation claim in the prison context, an inmate must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004). Nowhere in Plaintiff's Count VI in his proposed Fifth Amended Complaint does he allege that any conduct by prison officials chilled his exercise of First Amendment rights. Thus, Plaintiff VI's Count fails to state a claim upon which relief may be granted. As such, Plaintiff's Motion for Leave to Amend to add Count VI is denied. *Benyamini v. Stoover et al.*, Case No. 16-01300, 2016 WL 5846994 *2 (N.D. Cal., October 4, 2016).

Likewise, Plaintiff's allegations of harassment and threats fail to state a claim cognizable under 42 U.S.C. § 1983. *Freeman v. Arpaio,* 125 F.3d 732, 738 (9th Cir.1997) (harassment); *Gaut v. Sunn,* 810 F.2d 923, 925 (9th Cir.1987) (threats). Moreover, Defendants aver that this new claim should be denied because the individual defendants would be prejudiced if this claim were allowed to go forward more than five and one-half years after the alleged incidents took place. However, the factual allegations in this Count are not new. Nevertheless, like with Plaintiff's Count VI, Plaintiff not only fails to allege that the conduct at issue did not chill his expression of First Amendment Rights, he plainly states that he has "filed a grievance on with [sic] inmates affidavits" about this conduct. Thus, Plaintiff's Count VII fails to state a claim upon which relief may be granted. Thus, Plaintiff's Motion to Amend to add Count VII is denied. *Benyamini*, 2016 WL 5846994 *2.

With respect to further amendments of Plaintiff's Complaint, it is undeniable that Plaintiff has had multiple opportunities, over a long period of time, to file amendments and that he has done so. Under these circumstances, and the length of time that has passed since this case commenced, the Court, as stated, denies Plaintiff's Motion to File his Fifth Amended Complaint with respect to Counts VI, VII, and VIII. *Williams v. Felkner*, 467 Fed.Appx. 580, 582 (9th Cir. 2012) *citing Chodos v. West Publ'g Co.,* 292 F.3d 992, 1003 (9th Cir.2002).

**Conclusion**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Fifth Amended Complaint is GRANTED in part and DENIED in Part.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend is GRANTED as to Counts I through V and DENIED as to Counts VI, VII, and VIII.

IT IS FURTHER ORDERED that Plaintiff's Fifth Amended Complaint (ECF No. 88-1) is the operative complaint in this matter as to Plaintiff's Counts I through V only.

IT IS FURTHER ORDERED that Plaintiff's Fifth Amended Complaint, Counts VII and VIII (violation of Plaintiff's First Amendment Rights) are dismissed for the reasons stated herein.

IT IS FURTHER ORDERED that Plaintiff's filing at ECF No. 91 is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to electronically SERVE a copy of this order and a copy of Plaintiff's Fifth Amended Complaint (ECF No. 88-1) on the Office of the Attorney General of the State of Nevada.

DATED: August 21, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE