UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRYAN DRYDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA, *et al.*,<br><br>    Defendants. | Case No. 2:16-cv-01227-JAD-EJY<br><br>**ORDER** |

    Before the Court is Plaintiff Bryan Dryden's Motion to Reconsider his Motions to Compel Discovery (ECF No. 129) and Motion for Reconsideration to Extend Discovery (ECF No. 130).[1] The Court has considered Plaintiff's Motions, as well as Defendants' Responses to the same (ECF Nos. 131 and 132), and finds as follows.

    On February 10, 2020, the Court denied Plaintiff's four Motions to Compel Discovery (ECF Nos. 106, 107, 120, 125) and single Motion to Extend Discovery (ECF No. 127). ECF No. 128. Well settled law establishes that motions for reconsideration are "not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D.Nev.2005); *see also Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) ("reconsideration [is not] to be used to ask the Court to rethink what it has already thought"). Further, while the Court may grant relief from a prior order pursuant to one of the enumerated reasons stated in Fed. R. Civ. P. 60(b), Plaintiff cites to none of these accepted bases. In fact, Plaintiff has not presented any argument that could not have been made before. Plaintiff does not raise newly discovered evidence that was unavailable to him when he filed his original Motions to Compel; he does not allege that the Court committed clear error or that the initial decision was manifestly unjust; and, Plaintiff does not introduce an intervening change in controlling law.

---

[1]     The Court has made typographical changes in the titles of Plaintiff's Motions for the sake of clarity.

1

1 Indeed, Plaintiff does not challenge the Court's previous Order denying his Motions to Compel but, rather, "believes he has met all the requirements to move this court [to] order[] the [Attorney General's] office to collect [and] gather discovery . . . Plaintiff needs to prove [his] events." ECF No. 129 at 3. This is precisely the sort of repeat argument the law disfavors. Plaintiff's Motion to Reconsider his Motions to Compel Discovery is therefore denied.

Similarly, Plaintiff's Motion for Reconsideration to Extend Discovery does not challenge the Court's Order denying his Motion to Extend Discovery as clearly erroneous or manifestly unjust, nor does it provide an intervening change in controlling law. Instead, Plaintiff offers additional reasons as to why he was unable to conduct discovery. Specifically, Plaintiff claims he was denied visits by counsel for over two months after being placed on lock down on October 9, 2019; allowed access to the law library only two times throughout December 2019; taken to "the hole" from December 28, 2019 through February 3, 2020 as a result of an attack by other inmates; and, deprived of access to the law library after being placed back in general population. *Id*. at 2. Plaintiff's allegations, even if taken as true, do not present newly discovered evidence that was unavailable to him at the time he filed his Motion to Extend Discovery.

Further, Plaintiff claims he was denied access to the law library after being removed from the hole, but "[i]n the end, [Plaintiff] was able to present his [motions] to the court, and he missed no filing deadlines because of his lack of library access." *Grimes v. Small*, 34 Fed.Appx. 279, 281 (9th Cir. 2002) (unpublished). Not only has discovery been extended in this matter on two occasions (ECF Nos. 87, 113), but Plaintiff concedes that he seeks reconsideration of his Motion to Extend Discovery in order "to make a request for a phone conference with Attorney General Matthew P. Feeley *even though Plaintiff has talked to [the Attorney General] about issues many times on the phone*[.]" (ECF No. 130 at 3 (emphasis added)). Plaintiff's Motion for Reconsideration to Extend Discovery is therefore denied.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider his Motions to Compel Discovery (ECF No. 129) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration to Extend Discovery (ECF No. 130) is DENIED.

DATED THIS 1st day of April, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE