UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN DRYDEN,<br><br>   Plaintiff,<br><br> v.<br><br>STATE OF NEVADA, *et al.*,<br><br>   Defendants. | Case No. 2:16-cv-01227-JAD-EJY<br><br>**ORDER** |

Pending before the Court is the Motion to Quash Subpoena Duces-Tecum filed by the Office of the Inspector General of Nevada (the "Motion to Quash").[1] ECF No. 218. The Court has considered the Motion, Plaintiff's Response (ECF No. 222), and the Reply (ECF No. 225).

**I. DISCUSSION**

On May 7, 2022, Plaintiff's counsel issued a subpoena to the OIG seeking production of two categories of documents: (1) specific grievances and investigatory records underlying grievances filed by Tyrone McDougald, David Reed, and Daimon Monroe against Defendant Ted Nielson (the "Grievance Materials"); and (2) all records of grievances or complaints filed against Robert Ashcraft, another Corrections Officer at High Desert State Prison. ECF No. 218-1. The OIG objects to the subpoena arguing the documents sought are irrelevant to this case and fall outside the scope of Federal Rule of Civil Procedure 26(b)(1). ECF No. 218 at 3. For this reason, the OIG asks the Court to quash the subpoena.

"District courts enjoy wide discretion in deciding relevancy for discovery purposes." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). It is also "well established that the scope of discovery under a subpoena issued … [under] Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Painters Joint Comm. v. Emp. Painters Tr. Health & Welfare Fund*, Case No. 2:10-cv-0135-JCM-PAL, 2011 WL 4573349, at \*5 (D. Nev. Sept. 29, 2011).

---

[1] The Office of the Inspector General of Nevada is referred to herein as the "OIG."

1

"Relevant information for the purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quotations omitted). The relevance standard for discovery "is not the same as the standard governing admissibility of particular evidence at trial." *Wood v. Nautilus Ins. Co.*, Case No. 2:17-cv-02393-MMD-DJA, 2020 WL 13528640, at *5 (D. Nev. Dec. 16, 2020), *citing Surfvivor Media, Inc.*, 406 F.3d at 635. Relevance for discovery purposes is broader than Federal Rule of Evidence 401. *Id.* In fact, in 2015, Fed. R. Civ. P. 26(b)(1) was amended to expressly recognize the distinction between discovery relevance and admissibility at trial. The Rule now states: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Given that discoverable information need not necessarily be admissible at trial, the Court considers whether the documents requested are reasonably calculated to lead to the discovery of admissible evidence.

Documents relating to the Grievance Materials are potentially discoverable under Rule 26(b)(1); although, they are not necessarily admissible. The materials may reveal a history of Defendant Nielson acting in the same manner as he is alleged to have acted when interacting with Plaintiff. This may lead to the discovery of admissible evidence such as, but not limited to, motive, opportunity, intent, preparation, plan or, most importantly, a lack of accident. However, in order to ensure that the content of the information provided is reasonably calculated to lead to the discovery of admissible evidence (and is proportional to the needs of the case), is not misused by Plaintiff, and does not result in any potential harm to Defendant Nielson, the Court requires the produced Grievance Materials be filed under seal for an *in camera* review. This means the production of these materials are not to be served on Plaintiff or his counsel at the time of filing. The Court will review the materials and provide direction regarding potential production, with an opportunity for objection and response from the parties.

With respect to grievances or complaints filed against non-party Robert Ashcraft, the Court finds Plaintiff's arguments unpersuasive. Plaintiff accuses Mr. Ashcraft of making a threatening statement to Plaintiff concerning his physical well-being around the time Defendant Nielson was to be deposed in February 2022. ECF No. 222 at 4. Plaintiff argues the materials he seeks are

"necessary to learn more about [Ashcraft's] relation to the issues of intimidation and retaliation against those inmates who file grievances against officers." Plaintiff claims "[a]ny intimidation related to a civil rights suit should be examined by … Plaintiff's counsel … and should not have to be investigated as a wholly separate matter outside of the instant case." *Id.* at 6. However, Plaintiff cites no authority for the proposition that alleged intimidation by a non-party is relevant to a claim against a defendant who is alleged to have committed battery and used excessive force. That is, Plaintiff has no claim against Officer Ashcraft and while a threat such as the one alleged may constitute a separate claim, it is not likely to lead to evidence that would be admissible to prove his excessive force claim against Officer Nielson. For this reason, the request to quash the subpoena for information relating to complaints and grievances filed against Officer Ashcraft is granted.

## II.     ORDER

IT IS HEREBY ORDERED that the Motion to Quash filed by the Office of the Inspector General of Nevada (ECF No. 218) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Motion to Quash is DENIED to the extent that the Grievances Materials must be produced as follows:

- The Office of the Inspector General of Nevada must file, under seal, without serving Plaintiff or Plaintiff's counsel, documents responsive to the subpoena request for Grievance Materials.

- The responsive documents must be filed within ten (10) court days of the date of this Order. The documents produced must include Bates numbering so they may be consistently identified and referenced going forward.

- The Court will review the documents *in camera* and issue an order sufficiently identifying those documents received the Court finds discoverable. The Court will provide the Office of the Inspector General of Nevada the opportunity to object to the Court's findings. The Court will also provide Plaintiff the opportunity to respond to any objections raised and, as appropriate within the Court's complete discretion, an opportunity to review documents the Court finds discoverable, but to which the Office of the Inspector General of Nevada objects.

IT IS FURTHER ORDERED that the Motion to Quash is GRANTED to the extent the subpoena seeks the Office of the Inspector General of Nevada to produce grievances and complaints against Corrections Officer Robert Ashcraft. No such documents are to be produced.

DATED this 9th day of December, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE