**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Bryan Dryden, <br><br> Plaintiff <br><br> v. <br><br> State of Nevada, et al., <br><br> Defendants | Case No.: 2:16-cv-01227-JAD-EJY <br><br> **Order Affirming Magistrate Judge's Order Denying Sanctions** <br><br> [ECF Nos. 236, 240] |

This case involves allegations that Nevada Department of Corrections (NDOC) officer Ted Nielson attacked Bryan Dryden while he was incarcerated at High Desert State Prison.[1] After the attack, nurse Cindy Castillo treated Dryden and completed an "Unusual Occurrence Report" to record details about the incident.[2] Two versions of that report were produced in discovery: one stated that Nielson "assaulted" Dryden, but the other did not.[3] In light of that discrepancy, the parties pointed the finger at each other and moved for spoliation sanctions, with Dryden theorizing that an NDOC employee whited-out the reference to Nielson and Nielson postulating that Dryden added the phrase when he had access to the medical records.[4] After hearing testimony from nine witnesses, the magistrate judge denied both motions, reasoning that neither party proved its theory by a preponderance of the evidence.[5] Nielson now appeals the magistrate judge's order.[6]

---

[1] ECF No. 236 at 2.
[2] *Id.*
[3] *Id.* at 2–3.
[4] *Id.* at 7.
[5] *Id.* at 1, 8.
[6] ECF No. 240 at 1.

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[7] This standard of review "is significantly deferential" to a magistrate judge's determination.[8] A district court may overturn a magistrate judge's ruling under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[9] or a relevant statute, law, or rule has been omitted or misapplied.[10] "A finding of fact is clearly erroneous 'if it is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.'"[11] The standard recognizes that "the factfinder is in a better position to make judgments about the reliability of some forms of evidence than a reviewing body acting solely on the basis of a written record of that evidence."[12] This is especially true for live testimony, "for only the [factfinder] can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said."[13]

Applying these principles, I find that the magistrate judge did not clearly err in determining that the evidence "does not sufficiently support the conclusion that [Dryden] altered

---

[7] L.R. IB 3-1(a).

[8] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

[9] *Id.* (internal quotation marks omitted).

[10] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[11] *Red Lion Hotels Franchising, Inc. v. MAK, LLC*, 663 F.3d 1080, 1087 (9th Cir. 2011) (citing *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010)).

[12] *Concrete Pipe & Prod. of California, Inc.*, 508 U.S. at 623.

[13] *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985).

the document."[14] Nielson chiefly argues that the magistrate judge "erred when she dismissed" handwriting expert Kathy Carlson's "unrebutted" testimony that Dryden, and not Castillo, altered the document and corroborating evidence that the phrase at issue was added, not removed, from the document.[15] But the magistrate judge found that Carlson's testimony, while "credible," was "not persuasive."[16] She was persuaded instead by the fact that Dryden was supervised when he had access to the report and that Castillo "could not and would not" testify as to "whether she wrote the words" at issue at the hearing and had twice before confirmed under oath that she wrote the phrase.[17] So the notion that Castillo (or someone else at NDOC) wrote the phrase is not implausible. And I find that Carlson's "unpersuasive" testimony that the handwriting was "closer" to Dryden's[18] is not enough to render the magistrate judge's finding clear error. So I affirm the magistrate judge's order.

## Conclusion

IT IS THEREFORE ORDERED that the defendant's objections [ECF No. 240] are OVERRULED, and the order **[ECF No. 236] is AFFIRMED**.

And based on the order at ECF No. 244, dispositive motions must be filed by May 13, 2023.

_____
U.S. District Judge Jennifer A. Dorsey
April 14, 2023

---

[14] ECF No. 236 at 8.
[15] ECF No. 240 at 3, 9.
[16] ECF No. 236 at 3 n.6.
[17] *Id.* at 4.
[18] ECF No. 240 at 5.